UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL J. TRETHEWEY,

                      CASE NO. 2:08-CV-12156
      Plaintiff,       JUDGE GERALD E. ROSEN
                      MAGISTRATE JUDGE PAUL J. KOMIVES

v.

SHAWN STIMAC, JOSEPH JONES,
THOMAS VAUGHN and
JEFFREY BINNS,

      Defendants,

_____/

**MEMORANDUM OPINION AND ORDER (1) GRANTING PLAINTIFF'S MOTION FOR ENTRY OF ORDER PERMITTING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT (Doc. Ent. 33), (2) CANCELLING THE MAY 11, 2009 HEARING, and (3) EXTENDING DATES**

**I.**     **Opinion**

**A.**     **Procedural History**

Plaintiff Michael J. Trethewey filed this lawsuit on May 17, 2008. Doc. Ent. 1. His original complaint alleged (I) a violation of the Fourth Amendment and (II) battery. On July 18, 2008, he filed an amended complaint in which he alleged (I) a violation of the Fourth Amendment and (II) battery. Doc. Ent. 10. Defendants have filed answers to the amended complaint. Doc. Entries 12, 14, 18, 24.

Judge Rosen has referred this case to me to conduct all pretrial matters. Doc. Ent. 16. On November 29, 2008, I entered a scheduling order providing that all Rule 26 discovery would be due by October 31, 2008; the closing date for all discovery would be March 31, 2009; the dispositive motion cutoff would be April 30, 2009; plaintiff's expert reports would be due by

January 30, 2009; and defendant's expert reports would be due by February 28, 2009.  Doc. Ent. 26.  On January 7, 2009, I entered an amended scheduling order setting the closing date for all Discovery for June 30, 2009; the dispositive motion cutoff for July 31, 2009; the deadline for plaintiff's expert report for February 28, 2009; and the deadline for defendants' expert reports for March 31, 2009.  Doc. Ent. 29.

**B.      Plaintiff's Motion to File a Second Amended Complaint**

Currently before the Court is plaintiff's motion for entry of order permitting plaintiff to file a second amended complaint.  Doc. Ent. 33.  Plaintiff's proposed second amended complaint alleges (I) a violation of the Fourth Amendment; (II) assault and/or battery; and (III) gross negligence.  Doc. Ent. 33-3.  Plaintiff asserts that "[t]he proposed amended complaint adds two state law claims - assault, and gross negligence - against each of the defendants; claims that arise out of the same transactions and occurrence that was the basis for the claim of excessive force - in violation of the Fourth Amendment, and a state law claim for Battery, that was set forth in the original complaint.  And [the proposed amended complaint] corrects certain factual allegations to conform to the evidence obtained through discovery."  Doc. Ent. 33 at 2.

Each of the defendants has filed a response to this motion.  Doc. Entries 36, 37, 38.  Defendants Jones and Vaughn argue that "[w]here Plaintiff has had ten months to amend his complaint, where amending such a complaint will impede the progress of this case and prejudice the defense and where amending the complaint is futile, . . . the Court [should] deny [plaintiff's] motion to Amend[.]"  Doc. Ent. 36 at 4.  Defendant Stimac argues that "Plaintiff should [not] be allowed to file a second amended complaint to add factual assertions and cause of action of [assault] and gross negligence after discovery has been pending for almost a year, and it would

[be] prejudicial and futile[.]" Doc. Ent. 37 at 5.  Defendant Binns argues that the Court should deny plaintiff's motion, because "[t]he parties have engaged in substantial amounts of discovery and the 'facts' upon which the Amended Complaint [are] based were known when the Plaintiff filed his initial Complaint.  Furthermore, the Plaintiff's gross negligence claims are futile."  Doc. Ent. 38 at 1.

**C.   Analysis**

Plaintiff's March 12, 2009 motion is based upon Fed. R. Civ. P. 15(a)(2), which provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2); Doc. Ent. 33 at 2.  "'The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.'"  *Foman v. Davis*, 371 U.S. 178, 181-182 (1962), quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

"Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision." *Hageman v. Signal L. P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir.1973), citing *Foman*, 371 U.S. at 182 (1962); accord *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).  "[T]he grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971), citing *Foman*, 371 U.S. 178 (1962) (dictum).  However, the trial court must take into consideration any prejudice to

the opposing party. *Zenith Radio Corp.*, 401 U.S. at 330-331; 3 *Moore's Federal Practice*, § 15.14[1] at n.4 (Matthew Bender 3d ed.).

Aside from the factors elicited in the *Foman* and *Zenith* decisions, courts may evaluate the legal sufficiency of the proposed amended claim in deciding whether to grant leave to amend. 3 Moore's Federal Practice, § 15.15[1]-[3] (Matthew Bender 3d ed.). "It is the usual practice upon granting a motion to dismiss to allow leave to replead." *Cortec Industries, Inc. v. Sum Holding, L.P.*, 949 F.2d 42, 48 (2d Cir. 1991), *cert. denied*, 503 U.S. 960 (1992). "Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice." *Id*.

Upon consideration, I conclude that plaintiff's proposed amended complaint is not futile under *Foman*. The additional causes of action arise out of the same transaction or series of events. Defendants' concerns about additional discovery are met by the extension of discovery upon which the parties agreed during the April 14, 2009 status conference would be sufficient.

**II.     Order**

Consistent with the foregoing opinion, plaintiff's motion for entry of order permitting plaintiff to file a second amended complaint (Doc. Ent. 33) is GRANTED. Plaintiff shall file his second amended complaint forthwith. Furthermore, the hearing currently scheduled for May 11, 2009 is CANCELLED. Finally, plaintiff's expert witness report(s) are due by April 30, 2009; defendants' expert witness report(s) are due by June 1, 2009; the discovery deadline is extended from June 30, 2009 to August 31, 2009; and the dispositive motion deadline is extended to September 30, 2009.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of ten days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

|  |  |
|---|---|
| Dated: 4/15/09 | s/Paul J. Komives<br>PAUL J. KOMIVES<br>UNITED STATES MAGISTRATE JUDGE |

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on April 15, 2009.
>
> s/Eddrey Butts
> Case Manager